# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

**RICHARD A. SCHOEN**
7211 West Waterford Avenue
Milwaukee, WI 53220,

      Plaintiff,

vs.

**BOARD OF FIRE AND POLICE
COMMISSIONERS FOR THE
CITY OF MILWAUKEE**
200 East Wells Street
Milwaukee, WI 53202,

**CITY OF MILWAUKEE**
200 East Wells Street
Milwaukee, WI 53202,

**CITY OF MILWAUKEE
MAYOR THOMAS BARRETT**
200 East Wells Street
Milwaukee, WI 53202, and,

      Defendants.

---

## COMPLAINT

---

NOW COMES the plaintiff, Richard A. Schoen, by and through his attorneys Brendan Paul Matthews and Cermele & Matthews, S.C., as and for a cause of action against the defendants, allege and show to the Court as follows:

### NATURE OF THE ACTION

1. This action is brought to secure plaintiff's right to be free from a deprivation of property without due process of law, as provided under 42 U.S.C. §1983, and secured by the Fifth

and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1343 (Civil Rights).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all parties reside within this judicial district and all claims asserted by the plaintiff arose within this judicial district.

## PARTIES

4. Plaintiff, Richard A. Schoen ("Officer Schoen") is an adult resident of the City of Milwaukee ("City"), and was employed as a Police Officer for the City.

5. Defendant, Board of Fire and Police Commissioners for the City of Milwaukee ("Board") is a board established pursuant to Wis. Stats. §62.50 and has jurisdiction over citizen complaints and disciplinary decisions against Milwaukee Police Officers. The Board has a principal place of business, main office, and mailing address of 200 East Wells Street, Milwaukee, Wisconsin, 53202.

6. Defendant, City of Milwaukee ("City") is a political subdivision organized and existing under the laws of the State of Wisconsin, with its principal place of business, main offices, and mailing address located at 200 East Wells Street, Milwaukee, Wisconsin, 53202. The City formerly employed Officer Schoen.

7. Defendant, City of Milwaukee Mayor Thomas Barrett ("Mayor Barrett") is the elected leader of the City, with a principal place of business, main offices, and mailing address located at 200 East Wells Street, Milwaukee, Wisconsin, 53202. Mayor Barrett is statutorily responsible for appointing members of the Board.

# FACTS

8.  Plaintiff reasserts paragraphs 1 - 7 above, as though fully set forth herein, and further alleges as follows:

9.  On May 1, 2012, Milwaukee Chief of Police Edward Flynn ("Chief") issued charges and specifications alleging that Officer Schoen had violated a Milwaukee Police Department ("MPD") core value (a work rule) and discharged him from his employment with the MPD.

10. Officer Schoen timely appealed his discharge to the Board under Wis. Stats. §62.50.

11. On November 28, 2012, the Board conducted an evidentiary hearing as to whether Officer Schoen had violated the core value with which he had been charged. At the conclusion of that hearing, the Board commenced deliberations in "closed" session.

12. On December 3, 2012, the Board met to continue its deliberations. Following those deliberations, the Board reconvened in open session to announce its decision to "sustain" the allegations against Officer Schoen.

13. Wisconsin Statutes Section 62.50(17)(a) requires that after determining whether a charge is sustained (what the Board's rules refer to as a "Phase I" hearing), "the board shall at once determine whether the good of the service requires that the accused be permanently discharged or be suspended without pay for a period not exceeding 60 days or reduced in rank."

14. Pursuant to its statutory obligation the Board did just that on December 3, 2012. Evidence was presented by both the Chief and Officer Schoen as to: the amount of discipline to be imposed; whether the Chief was applying the rule fairly and without discrimination to Officer Schoen (as required by Wis. Stats. §62.50(17)(b)6), and; whether the proposed discipline reasonably related to the seriousness of the alleged violation and to Officer Schoen's record of service with the

MPD (as required by Wis. Stats. §62.50(17)(b)7). The purpose of that evidence was to assist the Board in making the statutorily required conclusion as to the type and amount of discipline required for the "good of the service." This portion of the evidentiary hearing is referred to as "Phase II" in the Board's rules.

15. Upon the conclusion of testimony and presentation of evidence for Phase II, the hearing record was closed on December 3, 2012. The Board then convened in closed session for Phase II deliberations.

16. After concluding its deliberations, and upon returning to open session, the Board orally rendered its decision. That decision concluded that discharge was not appropriate, but that a 60 day unpaid suspension should be imposed. The Board issued and "rendered" that decision from the bench.

17. The rendered decision on December 3, 2012, was transcribed, as is statutorily required in such proceedings.

18. Wisconsin Statutes Section 62.50 indicates that a decision, once "rendered," is final.

19. The Board's own rules reflect that a "rendered" decision is final, as Article XVI, Section 10(f) provides that "[a] written decision will be signed by the Board members who participated in *the* decision within ten (10) days *after such decision is rendered . . .*"

20. After the Board "rendered" its decision, it was televised and became the subject of a great deal of media attention, resulting in public protest.

21. After the rendered decision became public, Mayor Barrett was quoted as stating that the Board's decision "sends the wrong message to the members of the Police Department and

community," and that "I strongly disagree with the decision they made, and <u>I will obviously let individuals know that this was not a decision that I take lightly</u>. . ."). (emphasis added.)

22. Upon information and belief, the Board was then contacted by either Mayor Barrett or someone from his office.

23. Upon information and belief, the purpose of such contact was to: advise the Board that Mayor Barrett disagreed with its rendered decision reducing the discharge to a 60-day unpaid suspension, and; convince the Board to modify its rendered decision in an effort to discharge Officer Schoen.

24. Per Wisconsin Statutes Section 62.50, all Board members are appointed by the City's Mayor.

25. On Tuesday, December 11, 2012, the Board announced that it would reconvene <u>that same day</u> "for the purpose of conducting further proceedings in the disciplinary appeal of Richard Schoen." The Board further announced that it would "reconsider" its rendered decision not to discharge Officer Schoen, as well as the possibility of "additional testimony." There was no mention made of the type or scope of any such "additional testimony."

26. Said notice was made by means of the Board's public notice policy. Neither Officer Schoen nor his legal counsel were personally advised of such proceeding, and became aware of it only by means of the Board's public notice required under Wisconsin law.

27. Officer Schoen's legal counsel objected to the Board's decision to "reconsider" its rendered decision, as well as the prospect of additional proceedings and the potential for unknown additional testimony and/or evidence.

28. The Board nevertheless met again in open session on December 11, 2012, and

announced that it had "reconsidered" its rendered decision. The Board then discharged Officer Schoen. The only "additional" testimony came from the Board itself, explaining its decision to reconsider its rendered decision.

29. Although the Board has rule-making authority under Wis. Stats. §62.50, it has never created a rule allowing for "reconsideration" of a rendered decision.

30. Nor has the Board ever created a rule allowing for "additional proceedings" or the taking of additional "potential testimony" after a decision has been rendered.

31. Upon information and belief, other than as a result of judicial directive, the Board has never: "reconsidered" a rendered decision; issued a written decision at odds with a rendered decision; conducted additional proceedings after a rendered decision, or; taken additional testimony after a rendered decision.

32. The Board's asserted reason for changing its rendered decision from that which was announced on December 3, 2012, was: a lack of knowledge as to the proper standard; a lack of knowledge as to the Board's own rule; a lack of knowledge as to the statutory requirements, and; the conclusion that when determining the amount of discipline, the burden of proof did not rest with the Chief, and that the Chief's disciplinary determination should be given deference.

33. Upon information and belief, the stated assertions as to the lack of knowledge as to the Board's own rules and/or Wisconsin State Statutes, is without any basis in fact, as the Board and each member is statutorily required to undergo training relating to the "mission" of the Board.

34. Upon information and belief, the Board members who rendered the decision and then "reconsidered" that rendered decision had all attended the statutorily required training.

35. Upon information and belief, such training included the legal standards to apply, as

6

well as the burdens of proof associated with imposing discipline.

36. The Board's conclusion with respect to both the legal standard and burden of proof is at odds with the Board's own rules.

37. Wisconsin Statutes Section 62.50(17)(a) requires that, if a discharge is not sustained, "the accused shall be immediately reinstated in his or her former position, without prejudice."

38. Given the "rendered" decision of December 3, 2012, the Board was bound by those statutory requirements and had an obligation to reinstate Officer Schoen (subject to his serving the 60 day unpaid suspension determined appropriate).

## First Cause of Action
## 42 U.S.C. §1983
## Property Interest-Procedural Due Process

39. Plaintiff reasserts paragraphs 1 - 38 above, as though fully set forth herein, and further alleges as follows:

40. Upon information and belief, the Mayor influenced the Board to not only reconsider its "rendered" decision, but also to revise the "rendered" decision not to discharge Officer Schoen.

41. Those actions were substantively unfair and deprived Officer Schoen of his right to a full, fair and impartial trial. They are actionable under 42 U.S.C. §1983 as a deprivation of property without due process of law.

## Second Cause of Action
## 42 U.S.C. §1983
## Property Interest-Procedural Due Process

42. Plaintiff reasserts paragraphs 1 - 41 above, as though fully set forth herein, and further alleges as follows:

43. The Board does not have authority to reconsider or otherwise modify a "rendered" decision. The Board has rule-making authority, but has not promulgated a rule, or rules, allowing for reconsideration or modification of a "rendered" decision.

44. The Board's actions as detailed above were substantively unfair and deprived Officer Schoen of his right to a full, fair and impartial trial. They are actionable under 42 U.S.C. §1983 as a deprivation of property without due process of law.

### Third Cause of Action
### 42 U.S.C. §1983
### Liberty Interest-Procedural Due Process

45. Plaintiff reasserts paragraphs 1 - 44 above, as though fully set forth herein, and further alleges as follows:

46. Upon information and belief, the Mayor influenced the Board to not only reconsider its "rendered" decision, but also to revise the "rendered" decision not to discharge Officer Schoen.

47. Wisconsin Statutes Section 62.50 mandate an independent Board. The Mayor's actions interferred with that mandate and were substantively unfair and deprived Officer Schoen of his right to a full, fair and impartial trial. They are actionable under 42 U.S.C. §1983 as a deprivation of liberty without due process of law.

WHEREFORE, plaintiff prays that this Court issue the following relief:

A. Adjudge that defendants unlawfully deprived Officer Schoen of a full, fair and impartial trial in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

B. Adjudge that defendants unlawfully changed their "rendered" decision;

8

C. Adjudge that defendants failed to provide proper or adequate notice to Officer Schoen that additional testimony and actions would take place on December 11, 2012;

E. Award compensatory damages in an amount to be ordered at trial;

F. Award punitive damages in an amount to be determined at trial;

G. Award Plaintiff his costs, disbursements and attorney fees in this action, pursuant to 42 U.S.C. §1988; and,

H. Award such other relief as may be deemed just, equitable and appropriate.

Dated at Milwaukee, Wisconsin, this _____ day of January, 2014.

                        CERMELE & MATTHEWS, S.C.
                        Attorneys for Plaintiff, Richard A. Schoen

                        /s/_____
                        Brendan Paul Matthews
                        Wisconsin State Bar No. 1076452

                        Jonathan Cermele
                        Wisconsin State Bar No. 1020228

<u>Mailing Address</u>:
6310 West Bluemound Road
Suite 200
Milwaukee, WI 53213
(414)276-8750
(414)276-8906 (Facsimile)