# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICHARD A. SCHOEN,**

    Plaintiff,

    v.                                                Case No. 14-CV-35

**CITY OF MILWAUKEE, et al.,**

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

This 42 U.S.C. § 1983 action arises out of the Board of Fire and Police Commissioners for the City of Milwaukee's decision to modify its discipline of Police Officer Richard A. Schoen ("Schoen") from a 60-day suspension to a discharge. Schoen alleges that the defendants, the Board of Fire and Police Commissioners for the City of Milwaukee, the City of Milwaukee, and City of Milwaukee Mayor Tom Barrett (the "defendants") deprived him of property and liberty without due process of law by denying him a full, fair, and impartial trial. The defendants moved to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that it fails to state a claim upon which relief can be granted. (Docket # 4.) Schoen responded to the defendants' motion and amended his complaint. (Docket # 9, Docket # 10.) The defendants in turn moved to dismiss the amended complaint. (Docket # 11.) The motion has been fully briefed and is ready for disposition. For the reasons that follow, I will grant defendants' motion.

## BACKGROUND

In his amended complaint, Schoen alleges that on May 1, 2012, Milwaukee Chief of Police Edward Flynn discharged Schoen for violating a Milwaukee Police Department core value work rule. (Pl.'s Am. Compl. ¶ 9, Docket # 9.) Pursuant to Wis. Stat. § 62.50(13), Schoen appealed his discharge to the Board of Fire and Police Commissioners for the City of Milwaukee (the "Board"). (*Id.* ¶ 10.) The Board commenced an evidentiary appeal hearing pursuant to Wis. Stat. § 62.50(17) on November 28, 2012, in which it heard evidence regarding whether the charge that Schoen violated the core value work rule should be sustained. (*Id.* ¶¶ 11, 13.) At the conclusion of this part of the appeal hearing (referred to as Phase I), the Board went into closed session to deliberate on whether the charge against Schoen should be upheld. (*Id.*) The Board reconvened the hearing on December 3, 2012 and in open session announced its decision that it found sufficient evidence to sustain the charge against Schoen. (*Id.* ¶ 12.) The Board immediately proceeded to conduct Phase II of the appeal hearing, which addresses the appropriate discipline for the rule violation. (*Id.* ¶¶ 13, 14.) At the conclusion of Phase II, the Board went into closed session to deliberate on the penalty for the violation. (*Id.* ¶ 15.) The Board reconvened in open session on December 3, 2012 and announced its determination that the penalty for Schoen's rule violation was a 60-day suspension. (*Id.* ¶ 16.) The Board issued and "rendered" its decision from the bench and transcribed the rendered decision. (*Id.*)

After the Board "rendered" its decision, it was televised and became the subject of media attention and public protest. (*Id.* ¶ 20.) After the "rendered" decision became public, Mayor Barrett allegedly stated that the Board's decision "sends the wrong message to the members of the Police Department and community," and that "I strongly disagree with the

decision they made and I will obviously let individuals know that this was not a decision that I take lightly." (*Id.* ¶ 21.) The amended complaint asserts, upon information and belief, that the Board was contacted by either Mayor Barrett or someone from his office for the purpose of advising the Board that the Mayor disagreed with the Board's decision and to "convince the Board to modify its rendered decision in an effort to discharge Officer Schoen." (*Id.* ¶¶ 22, 23.)

On December 11, 2012, the Board announced that it would reconvene that same day "for the purpose of conducting further proceedings in the disciplinary appeal of Richard Schoen." (*Id.* ¶ 25.) The Board further announced that it would "reconsider" its rendered decision not to discharge Schoen, as well as the possibility of "additional testimony"; however, there was no mention made of the type or scope of any such "additional testimony." (*Id.*) Notice was given by means of the Board's public notice policy and neither Schoen nor his legal counsel were personally advised of such proceeding. (*Id.* ¶ 26.) Although Schoen's legal counsel objected to the Board's decision to "reconsider" its rendered decision, the Board met again in open session on December 11, 2012 and announced that it had "reconsidered" its rendered decision. (*Id.* ¶¶ 27-28.) After reconsidering its prior decision, the Board voted to discharge Schoen. (*Id.* ¶ 28.) The amended complaint alleges that the Board's reconsideration of its initial discipline of a 60-day suspension is "at odds with the Board's own rules" (*id.* ¶ 36), is not authorized by any Board rule (*id.* ¶ 29) and has "never" been previously done by the Board (*id.* ¶ 31).

Schoen initiated a statutory appeal of the Board's written decision under Wis. Stat. § 62.50(20) and some months later brought an action seeking certiorari review of the Board's written decision in Milwaukee County Circuit Court. (*Id.* ¶¶ 39-40.) As part of the certiorari

3

review, Schoen filed a motion requesting discovery, which was denied. (*Id.* ¶ 41.) Schoen alleges that Mayor Barrett unlawfully influenced the Board to reconsider and revise its "rendered" decision (*id.* ¶¶ 43, 49), depriving Schoen of his right to a full, fair, and impartial trial (*id.* ¶¶ 44, 50).

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations

'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

## ANALYSIS

In his amended complaint, Schoen alleges three causes of action for violation of procedural due process. First, he alleges that Mayor Barrett unlawfully influenced the Board to reconsider and revise its "rendered" decision, depriving Schoen of a full, fair, and impartial trial, which deprived him of his property interest in violation 42 U.S.C. § 1983. (Pl.'s Am. Compl. ¶¶ 43-44.) Second, Schoen alleges that he was deprived of his property interest in violation 42 U.S.C. § 1983 when the Board reconsidered its "rendered" decision without authority to do so. (*Id.* ¶¶ 46-47.) Finally, Schoen alleges that Mayor Barrett's interference with the Board's initial decision deprived him of a liberty interest in violation 42 U.S.C. § 1983. (*Id.* ¶¶ 49-50.) I will address each in turn.

   1.   *Property Interests*

Schoen's first two causes of action, the property interest claims, allege violations of procedural due process. To state a procedural due process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation. *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). However, "because the relevant constitutional question is whether sufficient state-law protections *exist,* not whether sufficient protections were *afforded,* "'[a] complaint does not state a valid procedural due process objection . . . if it does not include a challenge to the

fundamental fairness of the state procedures.'" *Id.* (quoting *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996)) (emphasis in original).

The parties do not dispute that the first and second causes of action of the amended complaint properly allege that Schoen was deprived of a protected interest—his property interest in continued employment with the Milwaukee Police Department. Thus, the question is whether Schoen has alleged insufficient procedural protections surrounding the deprivation of his property interests. There are two avenues for challenging the decisions of the Board. As Schoen did in this case, an aggrieved party may initiate the statutory appeal of the Board's written decision under Wis. Stat. § 62.50(20) and an action seeking certiorari review of the Board's written decision in Milwaukee County Circuit Court. Schoen does not deny the availability of these procedures. Rather, he claims that he was denied due process because Mayor Barrett unlawfully influenced the Board and because the Board acted outside of its authority. (Pl.'s Am. Compl. ¶¶ 42-50.) This type of due process claim is a challenge to the "random and unauthorized" actions of the state official in question, "i.e., to their unforeseeable misconduct in failing to follow the requirements of existing law." *Michaelowicz*, 528 F.3d at 535. An action for a denial of procedural due process will not lie if the state actor's conduct was random and unauthorized and if an adequate state remedy exists. *Hamlin*, 95 F.3d at 584. A state remedy is adequate unless it can "readily be characterized as inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed by the fourteenth amendment." *Easter House v. Felder,* 910 F.2d 1387, 1406 (7th Cir.1990).

In Schoen's initial briefing on the defendants' motion to dismiss, he argued that his post-deprivation remedy was inadequate because he was denied discovery as to Mayor

6

Barrett's contact and influence over the Board as part of his certiorari review. (Pl.'s Br. in Opp. Motion to Dismiss at 3-6, Docket # 10.) Subsequent to the filing of Schoen's Amended Complaint, the Milwaukee County Circuit Court allowed limited discovery in the certiorari case. (*Schoen v. Board of Fire and Police Commissioners*, Nos. 13-CV-100, 13-CV-1038 (Wis. Cir. Ct. Milwaukee County Sept. 10, 2014, Docket # 22-1.)[1] Specifically, the circuit court allowed the plaintiff to depose Michael Tobin, the Executive Director of the Board. (*Id.*) Schoen now argues that the limited discovery he was granted was insufficient, thus denying him an adequate remedy. (Pl.'s Br. in Opp. Mot. to Dismiss Am. Compl. at 4-5, Docket # 24.) As Schoen articulates it, his "fundamental claim" is that his due process rights were violated by outside interference and he has no meaningful post-deprivation remedy available outside of this action to demonstrate the interference. (Docket # 10 at 6.)

Schoen principally relies on *Jones v. City of Alton*, 757 F.2d 878 (7th Cir. 1985), in support of his argument that his state remedy was inadequate. However, *Jones* is inopposite. In *Jones*, a police officer brought an action under § 1983 and Title VII alleging employment discrimination in connection with his discharge. The issue before the court was whether the plaintiff was barred from relitigating his claim of employment discrimination in federal court by *res judicata*. *Id.* at 884. The court noted that a plaintiff was barred from relitigating his claim in federal court unless either the state proceedings failed to satisfy the minimum procedural requirements of the Due Process Clause, or he would not be barred under the state rules of claim and issue preclusion from relitigating the matter in the state courts. *Id.* The court specifically stated that because it "[p]referr[ed] to avoid constitutional issues if

---
[1] The Court may take judicial notice of matters in the public record without converting the motion to dismiss into a summary judgment motion. *Gen. Elec. Capital Corp. v. Lease Resolution Corp*., 128 F.3d 1074, 1080–81 (7th Cir. 1997); *see also* 520 *South Mich. Ave. Associates v. Shannon*, 549 F.3d 1119, 1138 n.14 (7th Cir. 2008) ("Thus, we may take judicial notice of the state court decisions . . . without converting a motion to dismiss into a motion for summary judgment.") (internal quotation and citation omitted).

possible," it would consider the preclusive effects of the state proceeding under Illinois law. *Id.* Thus, the court in *Jones* never considered whether an adequate state remedy existed in the context of a procedural due process claim. *Balcerzak v. City of Milwaukee*, 163 F.3d 993 (7th Cir. 1998), also relied on by Schoen, similarly addresses a claim preclusion issue. More importantly, as the defendants correctly argue, the issue here is not whether due process is violated if this court gives preclusive effect to a final judgment of a Wisconsin state court proceeding; the issue is whether Wisconsin provides Schoen adequate procedures for challenging his discharge.

Schoen's case is more analogous to *Michalowicz*. In *Michalowicz*, the plaintiff brought a § 1983 action alleging that his pre-termination and post-termination hearings were inadequate, in violation of his due process rights. Regarding his post-termination remedy, the plaintiff argued that he was denied due process because an allegedly biased Board of Trustees conducted his hearing as opposed to an independent employee relations committee as required by statute. *Michalowicz*, 528 F.3d at 534-35. The court found that because the plaintiff could challenge the bias of the Board before the Illinois courts, he had an adequate remedy and thus had not stated a due process claim. *Id.* at 536.

Schoen argues that *Michalowicz* is distinguishable because unlike Schoen, the plaintiff in *Michalowicz* was allowed to fully develop the factual record before the administrative body. (Docket # 24 at 12.) Schoen's attempts to distinguish *Michalowicz* fail. First, although Schoen argues that the Board refused his attempts to fully develop the record, what he pled in his Amended Complaint was that the Board announced the "possibility" of additional testimony when it reconvened, although upon reconvening, the only additional testimony came from the Board itself. (Pl.'s Am. Compl. ¶¶ 25, 25.) He never plead that he made any

requests that were refused. More significantly, even if I can infer that Schoen was refused, just as in *Michalowicz*, Schoen had sufficient state remedies in which to challenge his claims of Mayor Barrett and the Board's alleged improper actions. On certiorari review, a circuit court may authorize expansion of the record where evidence outside of that record demonstrates procedural unfairness. *Sills v. Walworth County Land Management Committee*, 2002 WI App 111, ¶ 42, 254 Wis.2d 538, 565, 648 N.W.2d 878, 891. This is just what the state court did in allowing Schoen to depose Tobin. (Docket # 22-1.) Nonetheless, Schoen argues that he has no meaningful post-deprivation remedy available absent this § 1983 action because the limited discovery he was allowed was not sufficient for him to either verify or nullify that the Board acted pursuant to outside influence or interference. In other words, Schoen challenges the correctness or the scope of the Milwaukee County Circuit Court's decision on his motion for discovery. But it is the existence of the state court remedies that is at issue, not the correctness of their exercise. "[T]he relevant constitutional question is whether sufficient state-law protections *exist,* not whether sufficient protections were *afforded . . . .*" *Michalowicz*, 528 F.3d at 534 (quoting *Hamlin*, 95 F.3d at 583) (emphasis in original).

Additionally, Schoen can seek full appellate review of his certiorari action, including the adverse discovery ruling, in the Wisconsin Court of Appeals. Schoen's amended complaint does not allege that appellate review of the circuit court's discovery ruling is not available to him or would be inadequate. However, without elaborating, Schoen argues that even if the Wisconsin Court of Appeals overturns the circuit court's decision, the court of appeals cannot grant Schoen's request for additional discovery. (Docket # 24 at 4.) I fail to see why the court of appeals could overturn the circuit court's certiorari decision but could

9

not overturn the discovery ruling. Without more, Schoen's disagreement with the circuit court's decision on his discovery motion does not render the state remedy "inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed by the fourteenth amendment." *See Easter House*, 910 F.2d at 1406. Because the state court provides adequate remedies (statutory appeal, writ of certiorari, and appellate review of the certiorari action) for the alleged violations, Schoen has not stated procedural due process claims. Thus, his first two causes of action will be dismissed.

  *2. Liberty Interest*

Regarding the third cause of action, the defendants argue that Schoen has not properly alleged deprivation of a protected liberty interest. It is not entirely clear what protected liberty interest Schoen argues was violated. In his initial brief in opposition to the defendants' motion to dismiss (which Schoen asks the Court to incorporate), Schoen argued that he was deprived of a liberty interest in his right to a full, fair, and impartial trial and that he was not claiming he was denied his liberty interest in pursuing the occupation of his choice. (Docket # 10 at 7.) However, in his brief in opposition to motion to dismiss the amended complaint, Schoen argues that the stigma imposed on him effectively foreclosed his freedom to take advantage of other employment opportunities. (Docket # 24 at 9.)

In support of Schoen's claim of a liberty interest in his right to a fair trial, he cites *Withrow v. Larkin*, 421 U.S. 35 (1975). But *Withrow* only states that a fair trial in a fair tribunal is a basic requirement of due process. *Id.* at 46-47. It does not address a liberty interest. Even assuming Schoen properly alleged that he has a protected liberty interest in a fair trial, for the reasons stated above, Schoen's third cause of action fails because the state

court provides adequate remedies for any alleged violation of his liberty interests. As to Schoen's liberty interest in pursuing his occupation, although one does have a liberty interest in pursuing the occupation of one's choice which may be violated when a state actor casts doubt on an individual's "good name, reputation, honor or integrity" in such a manner that it becomes "virtually impossible for the [individual] to find new employment in his chosen field," *Mann v. Vogel*, 707 F.3d 872, 878 (7th Cir. 2013) (internal quotation and citations omitted), the amended complaint contains no such allegations.

## CONCLUSION

Schoen alleges he was denied procedural due process, depriving him of his property interest in continued employment with the Milwaukee Police Department and his liberty interest in a fair trial. However, to state a claim for violation of procedural due process, a complaint must challenge the adequacy of the state procedures for redressing the alleged violations. Schoen's amended complaint fails to do so. Because Schoen's amended complaint does not allege facts that plausibly suggest an entitlement to relief, it fails to state a claim upon which relief can be granted and will be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion to dismiss the amended complaint (Docket # 11) is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of November, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge